IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAMELA SMITH, as Guardian of the Estate of
the Person of Paige O. Allen and
L. Scott Wooters, disabled adults,


Plaintiff,


v.                                                              No. 16-1118-DRH


VILLAGE OF XENIA, ILLINOIS,
an Illinois municipal corporation,


Defendant.

ORDER


HERNDON, District Judge:

This matter comes before the Court for case management.   On October 7,

2016, Pamela M. Smith, as guardian of the Estate of the Person Paige O. Allen and

L. Scott Wooters, disabled adults, filed a *pro se* civil rights complaint against the

Village of Xenia, Illinois for violations of the Americans with Disabilities Act, 42

U.S.C. § 12132 and the Rehabilitation Act of 1973, § 504 as amended 29 U.S.C. §

794 (Doc. 1).   As a pro se litigant, Ms. Smith, who does not appear to be a licensed

attorney, is prohibited from representing her children in this case.   *See Nocula v.*

*Tooling Systems International Corp.*, 520 F.3d 719, 725 (7th Cir. 2008)("one pro

se litigant cannot represent another); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1148 (7th Cir. 2001)("[Father] was free to represent himself, but as a non lawyer, he has no authority to appear as [son's] representative").

Thus, the Court **APPOINTS** Traci L. Severs, 55 Grasso Plaza, Suite 6964, St. Louis, MO 63123 314-240-5419 to represent plaintiffs in this action.

Plaintiffs are cautioned to consult with counsel in this matter to understand that it is the attorney who is the legal professional in this relationship. Without commenting on the validity of the litigation, counsel is reminded and plaintiffs are advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise plaintiffs against taking a certain course of action. While plaintiffs may not totally agree with counsel's advice, they should realize that, in the long run, such advice will be in his best interest because it is in compliance with the law. Also, counsel may advise plaintiffs to pursue additional claims or to abandon certain existing claims. This, *sua sponte*, appointment does not prevent counsel and client from trying to reach an agreement relative to a compensated relationship between each of them, such as a contingent fee arrangement.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent the client, but only to the extent that it does not impede her ethical obligation to follow the rules of the Court and the law. If plaintiff wants to be represented by counsel, plaintiff will have to cooperate fully with counsel. **The**

**Court will not accept any filings from plaintiffs individually while they are represented by counsel**, except a pleading that asks that they be allowed to have counsel withdraw from representation.

   **IT IS SO ORDERED.**

   Signed this 17th day of October, 2016.

Digitally signed by Judge
David R. Herndon
Date: 2016.10.17 13:20:50
-05'00'

**United States District Judge**